**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAJA JANANI ATHILEKSHMI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| DREXEL UNIVERSITY, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**COMPLAINT**

Plaintiff Raja Janani Athilekshmi ("Plaintiff" or "Athilekshmi"), by her attorneys Broughal & DeVito, LLP, brings this civil action against Defendant Drexel University ("Drexel" or "Defendant"), and alleges as follows:

**NATURE OF ACTION**

1.      This is a civil action under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., arising from Drexel University's deliberate indifference to known sex-based harassment and its retaliation against Plaintiff after she engaged in protected activity.

2.      This is a civil action under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., arising from Drexel University's deliberate indifference to known sex-based harassment and its retaliation against Plaintiff after she engaged in protected activity.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including Title IX, 20 U.S.C. § 1681.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Drexel University is located in this District and the events giving rise to Plaintiff's claims occurred in this District.

**FACTS**

5.      Plaintiff Raja Janani Athilekshmi is an adult resident of the Commonwealth of Pennsylvania and, at all relevant times, was a Ph.D. candidate at Drexel University.

6.      Defendant Drexel University is a private research university located in Philadelphia, Pennsylvania, and is a recipient of federal financial assistance within the meaning of Title IX.

7.      Plaintiff was a Ph.D. candidate in Drexel's Department of Mechanical Engineering and Mechanics. Over an extended period, she was subjected to repeated, unwelcome, sex-based and gendered conduct by a fellow doctoral student within her assigned laboratory.

8.      Plaintiff reported this conduct through Drexel's Title IX process. Although Drexel had actual knowledge of the reported harassment and exercised control over the educational environment and relevant actors, it responded in a manner that was clearly unreasonable in light of the known circumstances.

9.      Following Plaintiff's protected reports, Drexel, through faculty exercising direct academic authority over Plaintiff, permitted retaliation that disrupted Plaintiff's funding, access to research resources, and progress toward her Ph.D., ultimately depriving her of equal access to Drexel's educational program.

10.    Plaintiff attended a Ph.D. program at Drexel University and beginning in September 2022 conducted her research in the Mesoscale Materials Laboratory within the Department of Mechanical Engineering and Mechanics.

11.    Plaintiff's doctoral advisor, Jonathan Spanier, Ph.D., Chair of the Department of Mechanical Engineering and Mechanics, exercised direct authority over Plaintiff's Ph.D. funding, laboratory access, research direction, dissertation proposal approval, and continued academic progress.

12.    Plaintiff depended on Drexel, its faculty, and her advisor for funding, laboratory access, use of specialized facilities, and approval necessary to advance toward completion of her degree.

13.    Beginning in or about September 2022 and continuing regularly through April 2024, Plaintiff was subjected to repeated, unwelcome, sex-based and gendered comments and conduct by a fellow Ph.D. candidate assigned to the same laboratory.

14.    The conduct included, among other things:

   (a)    Repeated references to Plaintiff needing a "Wednesday boyfriend" in connection with her husband's work travel;

   (b)    Sexualized and racialized remarks involving massages by "Asian women" and requests for massages framed as humor;

   (c)    Statements involving sex work or payment for sex;

   (d)    Discussions of women's bodies and sexual attributes;

   (e)    Repeated remarks regarding Plaintiff's marriage and encouragement of extramarital relationships; and

   (f)    Unwelcome comments concerning Plaintiff's appearance and clothing.

15.     The conduct occurred in shared laboratory spaces and other university-controlled settings integrally connected to Plaintiff's education.

16.     The conduct was unwelcome and caused Plaintiff distress and difficulty remaining in her assigned research environment.

17.     Plaintiff reported the sex-based conduct to Drexel through its Title IX and equity offices in or about May 2024.

18.     Drexel had actual knowledge of Plaintiff's allegations and initiated a formal Title IX investigation and adjudication process.

19.     The investigation and hearing process extended over many months, during which Plaintiff remained subject to the same academic and laboratory power structure and without effective interim protections.

20.     Drexel ultimately issued determinations declining to find responsibility, but the process did not eliminate the hostility within Plaintiff's research environment or restore Plaintiff's full educational access.

21.     After Plaintiff engaged in protected activity by reporting sex-based harassment, she was subjected to retaliation within her academic program.

22.     Retaliatory actions affecting Plaintiff's education included, among other things:

(a)     Reduction or redirection of Plaintiff's Ph.D. funding;

(b)     Interference with Plaintiff's access to essential research resources, including clean room facilities and research materials;

(c)     Obstruction or termination of external research collaborations required for Plaintiff's dissertation work;

(d)     Restrictions imposed on Plaintiff's ability to access the laboratory or meet with her advisor; and

(e)     Substantial alteration of dissertation proposal parameters after prior agreement, causing delay and uncertainty.

23. These retaliatory acts occurred within academic structures over which Drexel exercised control and were carried out by individuals exercising authority delegated by the University.

24. Plaintiff reported retaliation concerns through Drexel channels, but Drexel failed to take prompt or effective steps to stop the retaliation or restore Plaintiff's educational access.

25. As a result, Plaintiff's progress toward her Ph.D. was halted, her academic standing and career trajectory were harmed, and she was effectively forced out of her laboratory environment.

## COUNT I
## TITLE IX – DELIBERATE INDIFFERENCE (Sex-Based Harassment)

26. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27. Drexel exercised substantial control over both the context in which the harassment occurred and the individuals involved.

28. Drexel had actual knowledge of the sex-based harassment reported by Plaintiff.

29. Drexel responded to known harassment in a manner that was clearly unreasonable in light of the known circumstances, leaving Plaintiff vulnerable to a hostile educational environment.

30. Drexel's deliberate indifference deprived Plaintiff of equal access to educational opportunities in violation of Title IX.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Declare that Drexel University violated Title IX;

(b) Enter judgment in favor of Plaintiff and against Defendant;

(c) Award compensatory damages in an amount to be determined at trial;

(d) Award reasonable attorneys' fees and costs as permitted by law;

(e) Grant appropriate declaratory and injunctive relief to prevent further discrimination and retaliation; and

(f) Grant such other and further relief as the Court deems just and proper.

## COUNT II
## TITLE IX – RETALIATION

31. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

32. Plaintiff engaged in activity protected under Title IX by reporting sex-based harassment.

33. Drexel, through its employees and agents with academic authority, subjected Plaintiff to materially adverse actions after and because of her protected activity.

34. The retaliatory conduct would deter a reasonable student from reporting sex-based misconduct.

35. Drexel's actions and omissions constitute unlawful retaliation in violation of Title IX.

36. As a direct and proximate result of Drexel's unlawful conduct, Plaintiff suffered emotional distress, loss of educational opportunities, derailment of her Ph.D. program, economic losses, and damage to her future career prospects.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Declare that Drexel University violated Title IX;

(b) Enter judgment in favor of Plaintiff and against Defendant;

(c) Award compensatory damages in an amount to be determined at trial;

(d) Award reasonable attorneys' fees and costs as permitted by law;

(e)     Grant appropriate declaratory and injunctive relief to prevent further discrimination and retaliation; and

(f)     Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**BROUGHAL & DeVITO, L.L.P**.

By:     _____
**JOHN S. HARRISON, ESQUIRE**
Attorney I.D. No. 53864
**ERIKA A. FARKAS, ESQUIRE**
Attorney I.D. No. 313686
38 West Market Street
Bethlehem, PA 18018
Telephone No.: (610) 865-3664
Facsimile No.: (610) 865-0969
johnharrison@broughal-devito.com
erikafarkas@broughal-devito.com
*Attorneys for Plaintiff*